MINUTE ENTRY
KNOWLES, M.J.
JUNE 17, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ST. AUGUSTINE HIGH SCHOOL ALUMNI ASSOCIATION, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1089** |
| **MONICA APPLEWHITE, PH.D.** | **SECTION "R" (3)** |

On this date, three motions for protective orders [Doc. ## 17, 19 & 28] came on for oral hearing by telephone before the undersigned.  Present were Tracie Washington on behalf of plaintiffs, Richard Bordelon and Ralph Aucoin on behalf of defendant and movant the Most Rev. Gregory M. Aymond, D.D., and Dwight Paulsen on behalf of movants the Rev. John G. Harfmann, SSJ and the Rev. Charles Andrus, SSJ.  For the following reasons and the reasons stated on the record,

**IT IS ORDERED** that the three motions for protective orders [Doc. ## 17, 19 & 28] are GRANTED.  The Court hereby stays discovery until ten (10) days after the resolution of the motion to dismiss pending before the District Court.

"Upon motion by a party or by the person from whom discovery is sought, and for good cause shown," a district court is authorized to "make any order which justice requires to protect a

MJSTAR(00:15)

party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In their motion for protective order seeking to stay discovery pending disposition of the motion to dismiss, defendant and movants explain at length why the discovery sought is unnecessary; defendant's and movants' position is that, if granted, defendant's dispositive motion will preclude the need for the discovery altogether. Defendant and movants correctly state that no discovery will be needed to resolve the motion to dismiss under Rule 12(b)(6). Such motions are decided on the face of the complaint.

Under the circumstances presented, it is well within the Court's discretion to order a brief temporary stay of discovery pending the determination of the defendant's dispositive motion. Indeed, a plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law. *See Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (finding in an ERISA case that there was no abuse of discretion in an order staying discovery pending the resolution of dispositive motions); *Enplanar Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088 (5th Cir. 1994) (unpublished) (holding that the district court did not abuse its discretion in declining to grant additional discovery pending the determination of the motion to dismiss); *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1030 (5th Cir. 1983) (noting that a district judge may exercise his discretion to prevent the plaintiff from burdening defendant with a needless round of discovery); *Aguirre v. Nueces County, Tex.,* 217 Fed. Appx. 348, 2007 WL 486854 (5th Cir. 2007) (unpublished) (noting that a party "'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts'"); *Parish of Jefferson v. La. S. Recovery Mgmt., Inc.*, No. Civ. A. 96-0230, 1996 WL 144400

(E.D. La. Mar. 27, 1996) (Sear J.) (vacating the magistrate judge's order denying defendant's motion to stay discovery); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined").  Defendant and movants have advanced "good cause" under Rule 26(c) and the unique posture of this case makes a temporary stay practical. In balancing the harm produced by such a temporary stay at the outset of this case (which is nil) against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court has determined that a temporary stay is appropriate.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**