UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ST. AUGUSTINE HIGH SCHOOL,                CIVIL ACTION
INC.

VERSUS                                    NO: 11-1379 c/w
                                          11-1089

MONICA APPLEWHITE                         SECTION: R(3)

### ORDER AND REASONS

Before the Court is plaintiff St. Augustine High School, Inc.'s motion to remand.[1]  Because defendant Monica Applewhite has not met her burden of establishing that the amount in controversy exceeds $75,000, the Court grants St. Augustine's motion.

I.   BACKGROUND

St. Augustine filed this defamation action against Applewhite in the Civil District Court for the Parish of Orleans

---

[1] (R. Doc. 36.)  Unless otherwise indicated, all record citations refer to the docket in civil action number 11-1089.

on May 16, 2011.[2]  St. Augustine alleges that Applewhite was appointed in late 2009 by Archbishop Gregory Aymond to serve as his delegate and representative on a committee established to review the disciplinary practices of the school, "specifically its position and use of corporal punishment as part of an integrated discipline system."[3]  According to the petition, Applewhite participated in "several meetings . . . wherein parents expressed their support for the discipline system including the use of corporal punishment."[4]  St. Augustine alleges that the committee formulated a consensus report recommending the continuation of corporal punishment as part of the school's discipline system, "albeit with small procedural modifications as to its use," which were adopted by the school.[5]

In the summer of 2010, the Josephite priests – the religious order that founded St. Augustine – banned corporal punishment at the school.  Then, according to St. Augustine, in February 2011, Aymond "began making a series of public statements to the news media equating the corporal punishment policy at St. Augustine

---

[2]   (Civ. A. No. 11-1379, R. Doc. 1-1.)

[3]   (*Id.* at 3.)

[4]   (*Id.*)

[5]   (*Id.* at 4.)

High School [ ] with forms of abuse and violence."[6]  St. Augustine alleges that Aymond later identified Applewhile as the source of his belief that the corporal punishment policy "was the equivalent of a violent act upon children and tantamount to abuse of the students at St. Augustine High School."[7]  According to St. Augustine, on March 31, 2011, Aymond provided to the school administration with a copy of a report written by Applewhite.[8]  St. Augustine alleges that, in that report, "Dr. Applewhite published a statement to Archbishop Aymond that three students had been exposed to corporal punishment and required medical attention as a result of the discipline system."[9]  St. Augustine further alleges that Applewhite also published the same or similar statements in the *Clarion Herald* on April 9, 2011.[10]  St. Augustine maintains that the statements are false and were published maliciously.[11]

   Applewhite, a citizen of Texas, removed the action to this

---

[6]   (*Id.*)

[7]   (*Id.* at 5.)

[8]   (*Id.*)

[9]   (*Id.*)

[10]  (*Id.* at 6.)

[11]  (*Id.* at 6-7.)

Court on the basis of diversity jurisdiction on June 10, 2011.[12] Applewhite contends that the amount in controversy has been satisfied because St. Augustine seeks a jury trial, which requires a threshold amount in controversy of $50,000 in Louisiana state courts, and because St. Augustine seeks damages related to the loss of public support resulting from the damage to its reputation.[13]  St. Augustine now moves to remand, asserting that Applewhite has not met her burden to establish that the amount in controversy exceeds $75,000.[14]

## II.  STANDARD

### A.  Removal

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  The removing party bears the burden of showing that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  To assess whether jurisdiction is appropriate, the Court considers

---

[12]   (Civ. A. No. 11-1379, R. Doc. 1.)

[13]   (*Id.* at 2-3.)

[14]   (R. Doc. 36-1.)

4

the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.* Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.    Amount in Controversy**

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Here, however, plaintiffs filed their complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See* La. Code Civ. Proc. art. 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand."). When, as here, the plaintiffs have alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiffs' claims likely exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type

evidence relevant to the amount in controversy at the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1412. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "litigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings. *Id.* at 1412 n.10. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept $75,000 for his pre-removal state court pleadings and stipulations to bind him. *See* La. Code. Civ. Proc. art. 862 ("[A] final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."); *Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010) (stating that for pre-removal stipulations to be binding,

7

Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947905, at *2 (E.D. La. Oct. 11, 2006) (same).  The plaintiff here did not file a stipulation with its petition.

Post-removal affidavits or affidavits may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (holding that, when the affidavit clarifies a petition that left the jurisdictional question ambiguous, the court may consider the affidavit in determining whether remand is proper), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia*, 233 F.3d at 883.

Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947905, at *2 (E.D. La. Oct. 11, 2006) (same).  The plaintiff here did not file a stipulation with its petition.

Post-removal affidavits or affidavits may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (holding that, when the affidavit clarifies a petition that left the jurisdictional question ambiguous, the court may consider the affidavit in determining whether remand is proper), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia*, 233 F.3d at 883.

**III. DISCUSSION**

Louisiana courts recognize that a victim of defamation, including a corporation, may recover damages for injury to reputation and loss of income.  *See Costello v. Hardy*, 864 So.2d 129, 141 (La. 2004); *McConathy v. Ungar*, 765 So.2d 1214, 1218 (La. Ct. App. 2000); *Gorman v. Swaggart*, 524 So.2d 915, 919-20 (La. Ct. App. 1988).  St. Augustine's state court petition does not allege a total amount of damages sought.  Instead, it states that, as a non-for-profit corporation, the school depends on the public for support and that it is entitled to "reasonable damages to the reputation of St. Augustine High School and its community which have been impugned by these statements," together with "all the general, equitable, and legal relief to which Plaintiff is entitled from Defendant and as deemed reasonable."[15]

Applewhite argues that, because St. Augustine seeks a jury trial, which requires a claim in excess of $50,000, *see* La. Code Civ. P. art. 1732 ("A trial by jury shall not be available in . . . [a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs."), and because St. Augustine alleges that its reputation has been damaged as a result of Applewhite's

---

[15]     (Civ. A. No. 11-1379, R. Doc. 1-1 at 7-8.)


statements, the amount in controversy requirement is likely satisfied. The Louisiana Supreme Court, however, has been clear that amount used to determine whether a plaintiff is entitled to a jury is not analagous to the "amount in controversy" in federal diversity jurisdiction. *See Benoit v. Allstate Insurance Co.*, 773 So.2d 702, 707 (La. 2000). Whereas the amount in controversy is fixed at the time of removal, the value of the "cause of action" in Article 1732(1) is determined "at the time the right to a jury trial is litigated." *Id.* at 708. Therefore, the Court does not consider St. Augustine's jury demand instructive in determining whether the jurisdictional amount in controversy has been satisfied in this case.

Moreover, although St. Augustine contends that its reputation had been damaged as a result of the alleged defamation, it identifies no economic consequences, such as loss of contributions or declining enrollment, that could be translated into an amount in controversy over $75,000. *Cf. Gilman v. Arthur J. Gallageher & Co.*, 2009 WL 5195956, at *5 (S.D. Tex. 2009) ("The Fifth Circuit has found it facially apparent that plaintiffs' damages exceeded the jurisdictional amount in cases involving death or severe physical injuries; when multiple plaintiffs sought punitive damages; and when dollar amounts in the petition indicated that, in the event of a

favorable verdict, the plaintiff's damages would exceed $75,000."); *see also Robinson v. ITT Corp. Systems Div.*, 2009 WL 2044641, at *2 (M.D. Ga. 2009) (granting plaintiff's motion to remand in a state defamation action because the complaint provided no indication of the specific amount of damages). *Compare Reed v. Wayans*, 2007 WL 3126284, at *3 (W.D. Tex 2007) (denying plaintiff's motion to remand in a state defamation action because plaintiff, a comedy club owner, alleged loss of past, present, and future profits, including loss of ticket sales, as well as shame, embarrassment, humiliation, and mental pain and anguish, and sought punitive and exemplary damages for defendant's allegedly defamatory statements). The Court, therefore, has no basis to find that the complaint sets out a claim, on its face, that meets the jurisdictional requirement. In addition, Applewhite has not provided the Court with any summary-judgment-type evidence to suggest that the value of St. Augustine's claim crosses the $75,000 threshold.

    Based on the facts alleged in St. Augustine's petition, the Court finds that it is not facially apparent that the amount in controversy is greater than $75,000. And Applewhite has not submitted any evidence establishing that St. Augustine's claim is for more than $75,000. Accordingly, the Court finds that Applewhite has failed to meet her burden to prove by a

preponderance of the evidence that the amount in controversy is greater than $75,000.

## IV. CONCLUSION

For the foregoing reasons, St. Augustine's motion to remand is GRANTED.

New Orleans, Louisiana, this 5th day of August, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE